UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

AKEEM GUNN-EL,

Petitioner,

v.

WARDEN,

Respondent.

CAUSE NO. 3:26-CV-1369-JD-AZ

OPINION AND ORDER

Akeem Gunn-El, a prisoner without a lawyer, filed a habeas petition to challenge his convictions for robbery in Case No. 49G04-1409-FA-42307 and Case No. 49G04-1410-F3-49744.[1] On April 26, 2017, the Marion Superior Court sentenced him in both cases to a total of 78 years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Gunn-El's claims rely solely on sovereign citizen theories in which he represents that the true criminal defendant is a corporation, that the State court "illegally attached his charge to a flesh and blood human being," and that his "true and proper name" was not used in State court, which renders his conviction void. These theories are legally frivolous, and the court will not further consider them. *See United States v. Benabe*, 654

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

F.3d 753, 767 (7th Cir. 2011) ("These theories should be rejected summarily, however they are presented.").

Consequently, the court is inclined to deny the habeas petition because the claims are legally frivolous. However, the court also acknowledges Gunn-El's *pro se* status, the severity of Gunn-El's sentences, and the statutory prohibition against unauthorized successive habeas petitions. *See* 28 U.S.C. § 2244(b). In light of these circumstances, the court will grant Gunn-El an opportunity to amend the habeas petition rather than immediately dismissing this case. Alternatively, Gunn-El may voluntarily dismiss this case without prejudice under Fed. R. Civ. P. 41(a).

For these reasons, the court:

(1) GRANTS Akeem Gunn-El until October 22, 2026, to file a response to this Order; and

(2) CAUTIONS Akeem Gunn-El that, if he does not respond by this deadline, the court will dismiss this case without further notice.

SO ORDERED on September 22, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT